**Clare M. JOHNSON, Plaintiff,**

v.

**RAULAND-BORG CORPORATION, Defendant.**

No. 96 C 4959.

United States District Court,
N.D. Illinois,
Eastern Division.

April 11, 1997.

Daniel E. Murphy, Jennifer Adams Murphy, Murphy & Murphy, Chicago, IL, Wil-

liam C. Glynn, Law Offices of Wm. C. Glynn, P.C., Chicago, IL, for Plaintiff.

William N. Krucks, Deborah Faye Birndorf, Freeborn & Peters, Chicago, IL, for Defendant.

### ORDER

ALESIA, District Judge.

This matter is before the Court on Plaintiff Clare M. Johnson's motion to compel discovery and to bar testimony. For the reasons set forth below, the motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff Clare Johnson was employed at Defendant Rauland–Borg Corporation for approximately fifteen years. She began her employment as a secretary and was eventually promoted to an executive secretary.

In the spring of 1989, Johnson reported directly to Carl Cox—Rauland–Borg's vice president of engineering. Beginning in 1991, Johnson alleges that Cox began to sexually harass her. Additionally, Kenneth James— Rauland Borg's chief operating officer—and other male managers allegedly began to sexually harass her. The harassment continued into the summer of 1995. In July of 1995, Johnson resigned from Rauland–Borg, claiming that she could no longer endure the sexually hostile work environment.

Immediately following her resignation, Rauland–Borg retained Judith Gaston—an outside attorney specializing in labor law—to investigate Johnson's allegations of sexual harassment.

Johnson initiated this action claiming that she was sexually harassed in violation of Title VII, 42 U.S.C. § 2000e, et seq.

## II. DISCUSSION

Johnson's motion contains three general requests. She wants: (1) to prevent Gaston—an outside attorney—from testifying at trial as to her opinion as to whether Johnson was sexually harassed; (2) to depose Gaston and all those she interviewed in connection with her investigation of whether Johnson's allegations of sexual harassment were meritorious; and (3) the production of statements obtained by Gaston and reports generated by Gaston in the course of her investigation.

In response, Rauland–Borg asserts that: (1) it does not intend to introduce Gaston's testimony at trial to establish that Johnson was not sexually harassed, rather, to show only that it conducted a prompt and reasonable investigation of Johnson's allegations and perhaps to impeach the testimony of interviewed employees and (2) it does not object to the deposition of Gaston, the depositions of the interviewed employees,[1] the production of statements obtained by Gaston, or reports generated by Gaston. There is one caveat to Rauland–Borg's concessions, however. Rauland–Borg concedes that Johnson is entitled to the requested information, but it asserts the attorney-client privilege with respect to the legal advice provided by Gaston regarding her investigation. In other words, Rauland–Borg has no problem with providing the requested information regarding the substance and specifics of Gaston's investigation, but it does not want to turn over any information regarding the legal advice rendered as a result of the investigation.

In reply, Johnson is still upset with Rauland–Borg's decision to call Gaston to testify at trial regarding the fact that she investigated Johnson's allegations. Johnson argues that Gaston should be prohibited from testifying at trial because her testimony will, at least implicitly, invade the province of the jury.[2] Additionally, Johnson wants the legal advice Gaston provided to Rauland–Borg following her investigation; Johnson claims that Rauland–Borg waived the attorney-client privilege regarding such information.

---

1. With respect to the depositions of the pertinent employees, Rauland–Borg argues that no additional discovery is needed since the employees disclosed everything in their initial depositions regarding the investigation by Gaston. In her reply, Johnson does not dispute Rauland–Borg's position; accordingly, apparently she concedes that no further deposition testimony from the interviewed employees is necessary.

2. Johnson has no complaint with Gaston testifying to impeach the interviewed employees' testimony.

Based on the pleadings, it appears that the parties agree on many of the issues. In fact, it appears that there are only two issues remaining for the Court to decide: (1) whether Gaston can testify at trial regarding her investigation and (2) whether the legal advice Gaston provided to Rauland–Borg following her investigation is protected by the attorney-client privilege. Each issue will be addressed in turn.

## A. Gaston's Testimony

Under Title VII, an employer is not strictly liable for the sexual harassment of one worker by another. *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 431 (7th Cir.1995). Indeed, the criterion for when an employer is liable for sexual harassment is negligence. *Id.* at 432. Specifically, the employer is liable if it knew or should have known about the harassment and failed to take appropriate remedial action.[3] *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 480 (7th Cir.1996).

Here, based on the pleadings, it is clear that Rauland–Borg intends to defend against Johnson's sexual harassment claim by arguing that once Johnson informed it of the allegations it took reasonable appropriate action by authorizing an outside attorney to investigate the matter. In support of its position that it acted reasonably, Rauland–

Borg wants to call the investigator/attorney—Gaston.

At this stage of the proceeding, the Court concludes that Gaston can testify. *See Brooms v. Regal Tube Co.*, 881 F.2d 412, 422 (7th Cir.1989) ("Furthermore ... without [the investigator/attorney] the corporate defendants could offer little proof that their reaction to Brooms' allegations of improper conduct by her supervisor was reasonable and thus should relieve them of liability. "). As the parties agree, however, Gaston may not testify as to her opinion as to whether Johnson was sexually harassed. Gaston may, however, testify as to the specifics of the investigation. The Court believes that Gaston can provide such testimony without invading the province of the jury.[4]

## B. The Attorney–Client Privilege

Next, the Court must decide whether the legal advice provided by Gaston to Rauland–Borg is protected by the attorney-client privilege. As discussed below, the Court concludes that it is not protected under the facts of this case.

Initially, the Court notes that both parties operate under the presumption that the advice provided by Gaston to Rauland–Borg is the type of communication that can qualify for protection under the attorney-client privilege.[5] Thus, the Court will not

---

3. In some situations a managerial level employee can be treated as the employer. In such a case, what higher level management knew or should have known regarding the acts of the other managerial level employee is thus irrelevant. *See Baskerville*, 50 F.3d at 431–32; *Daulo v. Commonwealth Edison*, 938 F.Supp. 1388, 1400–03 (N.D.Ill.1996).

4. At such an early stage of the litigation, it is difficult to discuss the specifics of what is permissible testimony. Johnson may raise objections to Gaston's testimony at trial or by motion *in limine*. Moreover, because Johnson was allegedly harassed by higher level employees, whether Rauland–Borg acted reasonably may be irrelevant. *See* footnote 3.

5. The Seventh Circuit has adopted the general principles of the attorney-client privilege as outlined by Wigmore:

(1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relat-

ing to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

*United States v. White*, 950 F.2d 426, 430 (7th Cir.1991).

The instant communication—legal advice—was not made by the client (as required by element 5), but rather, by the attorney. "[C]ommunications from the attorney to the client should be privileged only if the statements do in fact reveal, directly or indirectly, the substance of a confidential communication by the client." *Gen-Probe Inc. v. Amoco Corp.*, No. 94 C 5069, 1996 WL 264707 *4 n. 10 (N.D.Ill. May 16, 1996). Legal advice, standing alone, does not automatically receive protection. *Id.* Apparently, Johnson concedes that the legal advice at issue is of the type that can qualify for protection—there is no argument suggesting otherwise. For a discussion of the attorney-client privilege in the corporate context, *see Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

interfere with that presumption. The Court will presume that Rauland–Borg satisfied its burden of establishing that the legal advice qualifies for protection under the attorney-client privilege, assuming the privilege has not been waived.

■ The question now is whether Rauland–Borg "waived" the privilege. Johnson thinks it did because Rauland–Borg placed the investigation at issue, i.e., Rauland–Borg intends to argue that it is not liable because it acted reasonably by employing an outside attorney to investigate the matter.

The Court agrees with Johnson. Whether Rauland–Borg acted reasonably will depend on the advice it received from Gaston following her investigation. Since Rauland–Borg placed the reasonableness of its conduct following notification of Johnson's sexual harassment allegations at issue, it must reveal the legal advice it received. *See Fultz v. Federal Sign*, No. 94 C 1931, 1995 WL 76874 *3 (N.D.Ill. Feb. 17, 1995) ("In view of the fact that counsel for the defense is not willing to stipulate that it will not use this investigation, the conversations adduced during the investigation, or the results of the investigation as part of its defense, the privilege objection is overruled."); *Alberts v. Wickes Lumber Co.*, No. 93 C 4397, 1995 WL 31577 *1 (N.D.Ill. Jan. 26, 1995) ("[T]he advice that counsel gave during the course of the investigation relating to the investigation is clearly relevant and cannot be considered privileged. It must be emphasized that it is [defendant] that has placed the investigation and the advice of counsel with respect to the investigation at issue in this case.")

### III.  *CONCLUSION*

Johnson's motion to compel discovery and to bar testimony is granted in part and denied in part as consistent with this order.